Emily R. Rankin, WSB #6-3451
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290 Telephone
(307) 733-5248 Facsimile
rankin@spencelawyers.com

Attorney for Plaintiff

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2018 APR 11  AM 9:48

STEPHAN HARRIS, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT
# THE DISTRICT OF WYOMING

| | |
|---|---|
| DAVID LACOSTE, as Wrongful Death Representative for Sherry K. Ohmer, deceased<br><br>Plaintiff,<br><br>vs.<br><br>CRST EXPEDITED, INC., an Iowa Corporation, RICHARD HUFF, and JOHN DOES I-X,<br><br>Defendants. | CIVIL No.: 18-CV-61-J |

## COMPLAINT AND DEMAND FOR JURY TRIAL

For his claims for relief against the Defendants, Plaintiff David Lacoste, as the Wrongful Death Representative for Sherry K. Ohmer, on behalf of all participating wrongful death beneficiaries, by and through counsel, Emily R. Rankin, The Spence Law Firm, LCC, states and alleges upon information and belief as follows:

### I.   PARTIES

1.   Plaintiff is a citizen of Louisiana, residing in the Parish of St. Mary.

2. Sherry K. Ohmer sustained fatal injuries as a passenger on April 24, 2016, on Interstate 80 in Carbon County, Wyoming, when driver, Richard Huff struck another tractor-trailer combination with the front right passenger side of his tractor-trailer combination.

3. Plaintiff David Lacoste brings this lawsuit as the duly appointed Wrongful Death Representative of Sherry K. Ohmer, deceased, pursuant to the Wyoming Wrongful Death Act, Wyo. Stat. Ann. §§ 1-38-101 et. seq. (and Court Order in Civ. Act. No. 17-265 in the Second Judicial District Court in and for Carbon County).

4. Plaintiff David Lacoste brings claims in this action on behalf of all participating wrongful death beneficiaries entitled to damages as a result of Sherry K. Ohmer's death.

5. Upon information and belief, at the time of collision and all other relevant times, Defendant Huff was employed by CRST Expedited Inc. (hereinafter "CRST") and his acts and omissions arose out of Defendant Huff's course of employment as an employee of CRST.

6. In the alternative, at the time of collision and all other relevant times, Defendant Huff was an independent contractor or owner-operator working within the terms of a contract.

7. Upon information and belief, Huff operated a 2017 Freightliner tractor-trailer combination owned by CRST, VIN 3AKJGLDRXHSHV0851.

8. Defendant CRST is an Iowa Corporation with a principal place of business located at 3930 16th Avenue SW, Cedar Rapids, Iowa 52404.

9. Defendant CRST's registered agent is located at Cogency Global Inc., 400 Locust St., Ste. 400, Des Moines, Iowa, 50309.

10. Defendant CRST does business in the State of Wyoming and is a licensed motor carrier.

11. Upon further information and belief, CRST owned the subject 2017 Freightliner tractor-trailer combination.

12. Defendant CRST, as a legal entity, can only act through its officers, directors, employees, and agents. Defendant CRST is responsible for the acts and/or omissions of those employees and agents, which were a substantial factor of Sherry K. Ohmer's wrongful death and the resulting damages.

13. Huff is, and at all material times was, a Georgia citizen.

14. CRST is liable for Defendant Huff's negligent acts and omissions under the legal theory of vicarious liability.

15. In the alternative, Defendant Huff was an independent contractor and was operating the tractor-trailer by contract.

16. In the alternative, Defendant Huff was an owner-operator of the subject tractor-trailer driving under Defendant CRST's DOT number.

17. In the alternative, Defendant Huff is also liable under a theory of co-employee liability for his grossly negligent acts and omissions.

18. Defendant John Does I-X are unknown individuals, entities and/or corporations that may have owed a duty to Sherry K. Ohmer. Plaintiff reserves the right to name John Does as defendants if and when discovery reveals their identities.

## II.   JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the suit is between citizens of different states, the parties have complete diversity of citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

20. Personal jurisdiction is proper. Plaintiff's claims arise from and are directly related to Defendants' conduct with the District of Wyoming. Defendants exercised at least minimal contacts with the State of Wyoming such that it is consistent with fair play and substantial justice to hold the Defendants accountable in the District of Wyoming.

21. Pursuant to 28 U.S.C. §1391, proper venue for this action is the United States District Court for the District of Wyoming. The claims arose in this judicial district and the events and omissions complained of occurred within the District of Wyoming.

## III.   DETAILS AND FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

4

22. At all relevant times, Defendant CRST operated as an authorized common motor carrier subject to the Federal Motor Carrier Safety Regulations.

23. Defendant CRST's United States Department of Transportation Number is and at all times material was 53773.

24. Defendant Huff was employed by, or contracted with, Defendant CRST as a motor carrier driver and carried a commercial driver's license.

25. Defendant Huff was employed in a managerial capacity.

26. The subject tractor-trailer that Defendant Huff operated was placarded with Defendant CRST's name and logo.

27. On or about April 24, 2016, Defendant Huff operated the subject tractor-trailer.

28. Sherry K. Ohmer was a front-seat passenger in the subject tractor-trailer combination.

29. It was snowing and the road conditions were snowy and slushy.

30. A commercial driver must exercise extreme caution when hazardous conditions, such as those caused by weather, adversely affect visibility or traction and speed must be reduced when such conditions exist. 49 C.F.R. § 392.14.

31. A jackknifed truck blocked part or all of the westbound lanes of I-80 near milepost 267 causing two vehicles to collide into three other vehicles.

32. Subsequent traffic was able to slow, enter the scene and come to a complete stop.

33. Mr. Huff was traveling westbound on I-80 at approximately 8:17 p.m.

34. Defendant Huff approached the scene without slowing.

35. Despite the federal regulations, weather, road and traffic conditions, Defendant Huff estimated his speed to be 55 m.p.h.

36. Defendant Huff struck another tractor-trailer combination with the passenger side of his tractor.

37. The collision caused Sherry K. Ohmer's fatal injuries and she died at the scene.

38. Defendant Huff was charged with felony aggravated homicide by vehicle, and reckless driving.

39. As a direct and proximate cause and result of Defendants' acts and omissions, Sherry K. Ohmer suffered fatal injuries and the wrongful death beneficiaries suffered damages for which Defendants are liable; said damages are more particularly set forth below in the section of this Complaint entitled "Damages."

### IV.   NEGLIGENCE

40. At the time and place of the events described herein, Defendants owed duties of reasonable care to Sherry K. Ohmer and her wrongful death beneficiaries to avoid causing her injury or death.

41. Defendant CRST is vicariously liable for the negligent acts and omissions of its employee, Defendant Huff.

42. Defendant CRST is directly liable for its own negligence.

43. Defendant Huff had a duty to operate his commercial vehicle in a reasonable and safe manner.

44. Defendant Huff's operation of the commercial vehicle on April 24, 2016, was unreasonable.

45. Sherry K. Ohmer's CRST personnel files state that she was terminated on April 22, 2016, two days before her death.

46. Therefore at the time of her death she was neither a CRST employee nor Defendant Huff's co-employee.

47. Defendants were required to meet and comply with all applicable safety rules and regulations promulgated by the Federal Motor Carrier Safety Administration of the Department of Transportation and various laws and regulations enforced by state agencies.

48. At the time and place of the events described herein Defendant Huff breached and violated his duties of care to Sherry K. Ohmer and her wrongful death beneficiaries. The negligent acts and/or omissions include, but are not limited to, the following:

    a. Driving too fast for conditions;

 b. Failure to properly assess the traffic conditions;

 c. Failure to maintain proper control of the vehicle;

 d. Failure to operate the vehicle with reasonable care under the circumstances;

 e. Failure to maintain a proper lane;

 f. Failure to maintain proper vision and lookout;

 g. Failure to attentively operate a tractor-trailer;

 h. Failure to exercise extreme caution when driving in adverse weather conditions in violation of 49 C.F.R. § 392.14

 i. Failure to comply with Federal and Wyoming Statutes, rules and regulations, which failure amounts to evidence of negligence under Wyoming law; and

 j. Otherwise failing to exercise reasonable care under the circumstances.

49. At the time and place of the events described herein Defendant CRST breached and violated duties of care to Sherry K. Ohmer and her wrongful death beneficiaries. The negligent acts and/or omissions include, but are not limited to, the following:

 a. Failure to comply with Federal and Wyoming Statutes, rules and regulations, which failure amounts to evidence of negligence under Wyoming law;

    b.    Failure to properly hire, train, instruct, retain and supervise its employees/agents;

    c.    Failure to take precautions to train and instruct employees/ agents of the hazards of driving;

    d.    Failure to exercise reasonable care to ensure company vehicles were properly entrusted to fit and qualified drivers;

    e.    Failure to properly train employees/agents to make reasonable, safe decisions while driving;

    f.    Recklessly employing or retaining an unfit driver; and

    g.    Otherwise failing to exercise reasonable care under the circumstances.

50. As a direct and proximate result of Defendants' negligent acts and omissions, Plaintiff suffered damages for which Defendants are responsible as more particularly set forth below in the section of this Complaint entitled "Damages."

## V. CO-EMPLOYEE LIABILITY

51. In the alternative, Sherry K. Ohmer's death arose out of and was in the course of her employment with CRST.

52. Defendant Huff was Sherry K. Ohmer's co-driver.

53. Defendant Huff was an other employee of Defendant CRST.

54. As a commercial driver, Defendant Huff owed a heightened duty to exercise extreme caution while operating a commercial vehicle in inclement weather.

55. Defendant Huff's acts and omissions constitute gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another, specifically including Sherry K. Ohmer.

56. Defendant Huff had actual knowledge that the roads were snowy, slushy and visibility was affected.

57. Defendant Huff had actual knowledge that other vehicles were stopped on the westbound lanes of I-80.

58. Defendant Huff knew of the peril to be apprehended.

59. Defendant Huff knew of the hazardous weather, road and traffic conditions.

60. Defendant Huff knew that injury from was a probable, as opposed to a possible, result of his acts and omissions while driving in dangerous weather, road and traffic conditions.

61. Defendant Huff knew that his acts and omissions would place Sherry K. Ohmer in imminent danger and that she would more likely than not be injured or die due to his conduct.

62. Defendant Huff consciously failed to avoid the peril in operating his tractor-trailer combination in disregard for the weather, road and traffic conditions.

63. Plaintiff alleges the following, among others, as grossly negligent acts amounting to such lack of care as to amount to wanton neglect for the safety of another; namely Sherry K. Ohmer:

a. Driving too fast for conditions;

b. Failure to properly assess the traffic conditions;

c. Failure to maintain proper control of the vehicle;

d. Failure to maintain a proper lane;

e. Failure to exercise extreme caution when driving in adverse weather conditions in violation of 49 C.F.R. § 392.14;

f. Failure to maintain proper vision and lookout; and

g. Failure to comply with Federal and Wyoming Statutes, rules and regulations, which failure amounts to evidence of negligence under Wyoming law.

64. Defendant Huff's grossly negligent acts constitute such lack of care as to amount to wanton neglect for the safety of another, namely Sherry K. Ohmer and proximately caused the crash and Sherry K. Ohmer's fatal injuries and resulting damages.

## VI. DAMAGES

65. As a direct and proximate result of Defendants' acts and omissions as set forth in this Complaint, Sherry K. Ohmer was fatally injured and all wrongful death beneficiaries suffered damages as a result.

66. The wrongful death claims set forth in this Complaint are brought to recover damages under the terms and provisions of the statutes and case law of the State of Wyoming for all participating wrongful death beneficiaries entitled to damages as a result of Sherry K. Ohmer's death. Plaintiff Daniel Lacoste is the Wrongful Death Representative of Sherry K. Ohmer. In such capacity, Plaintiff is entitled to collect for appropriate distribution as Wrongful Death Representative, the following damages:

   a. Funeral and burial expenses for Sherry K. Ohmer in an amount to be proven at trial;

   b. Pecuniary loss in an amount to be proven at trial;

   c. Loss of care, comfort, protection, companionship, society, advice and friendship in an amount to be proven at trial;

   d. Costs of this action and for other further relief as the court deems equitable and proper;

   e. Punitive damages in an amount sufficient to adequately punish the Defendants and to deter future reprehensible conduct of the type alleged in this Complaint as follows: 1) the tortious acts and omissions of the Defendants were so gross and culpable in nature that such acts and omissions constitute willful and wanton disregard for the lives and safety of others, and specifically complete disregard for the life and safety of Sherry K. Ohmer. Plaintiff is entitled to recover exemplary and punitive damages as a result of

    Defendants' willful and wanton tortious acts and omissions as to deter Defendants and others from committing the same or similar misconduct, which endangers the general safety of the public; and

  f. All other damages properly recoverable due to the wrongful death of Sherry K. Ohmer according to Wyoming Law.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against the Defendants CRST, Huff and Does I-X in an amount as supported by the allegations of this Complaint, as follows:

1. Judgment against the Defendants for general damages in an amount consistent with the allegations contained herein and to be proven at trial.

2. Judgment against the Defendants for special damages in an amount consistent with the allegations contained herein and to be proven at trial.

3. Punitive and exemplary damages in an amount sufficient to adequately punish Defendants and deter future reprehensible conduct.

4. Judgment for costs, interest, and such other and further relief as the Court deems just and equitable.

DATED this 9th day of April, 2018.

*/s/ Emily R. Rankin*
Emily R. Rankin, #6-3451
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548

13

Jackson, Wyoming 83001
Telephone:   307-733-7290
Facsimile:   307-733-5248
rankin@spencelawyers.com

*Attorney for Plaintiff*

14

## DEMAND FOR JURY TRIAL

Plaintiff, by and through counsel, and pursuant to F.R.C.P. 38, requests this matter be tried to a jury of six (6).

DATED this 9th day of April, 2018.

_____
Emily R. Rankin, #6-3451
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
Telephone:   307-733-7290
Facsimile:    307-733-5248
rankin@spencelawyers.com

*Attorney for Plaintiff*